T. C. BROWN v. J. B. RUFFIN, S. W. McKEEL AND F. F. TRIPP.

(Filed 11 March, 1925.)

**1. Deeds and Conveyances—Mortgages—Deeds in Trust—Title.**

Where the defendants have received from the plaintiff a certain sum in consideration of which the former were to convey to the latter a certain number of acres of land at a stated price by a specified time, and have tendered their deed as agreed upon and the plaintiff refused to accept the same and pay the purchase price on the ground that this land was included in a larger acreage covered by a mortgage and therefore the defendants could not convey a good title, it may be shown that the plaintiff held the mortgage and had agreed to credit the proceeds of the sale of the lands thereon, raising a necessary issue for the consideration of the jury.

**2. Pleadings—Issues—Statutes.**

Where the answer raises new matter controverted by reply, it raises an issue for the jury to determine, C. S., 582 (2), and where it involves the sole defense it is error for the trial court to refuse an issue submitted thereon by the defendant.

**3. Deeds and Conveyances—Registration—Statute of Frauds.**

The defendants contracted upon a valid consideration to convey to plaintiff the fee-simple title to lands embraced in a larger boundary, upon which plaintiff held a deed in trust, and the defendants held a

contract to convey from the mortgagor, duly signed by him and his wife, for the ten acres, upon payment of the purchase price within a certain time which was extended by an unrecorded endorsement, and within the time specified in the contract between the plaintiff and defendants, the defendants offered the plaintiff a deed executed in proper form by the mortgagor and his wife and by the defendants without joinder therein by their wives. *Held,* the deed tendered was sufficient without the joinder of the defendants' wives and the extension endorsed upon the contract between the mortgagor and the defendants did not require registration.

**4. Deeds and Conveyances—Statute of Frauds.**

An agreement that the mortgagor apply the proceeds of sale of a part of the mortgaged lands upon his secured note, and an extension of time for the payment of the purchase price of lands, are not required to be in writing by the Statute of Frauds.

APPEAL by defendants from *Bond, J.,* at August Term, 1924, of BERTIE.

On 11 June, 1920, defendants in consideration of $500 paid to them by plaintiff, contracted and agreed in writing, to convey to plaintiff on or before 2 January, 1921, by a general warranty deed, vesting in him a good, merchantable title thereto, a certain parcel of land, containing ten acres more or less, to be surveyed and platted, upon the payment by plaintiff to defendants of the purchase price of $200 per acre. Plaintiff alleged and offered evidence tending to prove that on 2 January, 1921, he was ready, willing and able to pay said purchase price and that he demanded deed in accordance with the said contract; plaintiff further alleged that defendants failed to convey him the said land, in accordance with their contract.

At date of contract between plaintiff and defendants, J. F. Whedbee was the owner in fee and in possession of two adjoining tracts of land, one containing 80 acres, the other 30 acres. The ten-acre parcel of land described in the contract was a part of and was included within the boundaries of the 80 acre tract. Both tracts were encumbered by a mortgage and a deed of trust executed by J. F. Whedbee and wife, securing the payment of notes payable to plaintiff. On 24 April, 1920, J. F. Whedbee and wife had agreed in writing to sell and convey both tracts of land to M. L. Whedbee upon the payment of $13,000 in cash on or before 1 January, 1921. This contract or option was duly recorded on 12 May, 1920. On 11 May, 1920, M. L. Whedbee, by an endorsement thereon signed by him, had transferred and assigned this option to the defendants, J. B. Ruffin, S. W. McKeel and F. F. Tripp. This assignment was not recorded. On 8 December, 1920, for value received, J. F. Whedbee and wife, by an endorsement upon the original contract, signed by them, had extended the option to 1 January, 1922. This endorsement was recorded on 8 December, 1920.

On date of contract between plaintiff and defendants, namely, 11 June, 1920, and on 2 January, 1921, plaintiff was the owner of the notes secured by the mortgage and deed of trust covering both said tracts of land. On 2 January, 1921, plaintiff and the three defendants, with J. F. Whedbee and wife, met at Ruffin's office when and where a deed for the ten acres of land, as surveyed and platted, executed by J. F. Whedbee and wife and by the defendants, was tendered to plaintiff. Defendants are married men but their wives did not sign the deed tendered.

Plaintiff declined to accept said deed, contending that same did not convey to him a good, merchantable title to the ten acres of land because of the outstanding mortgage and deed of trust. The two tracts of land were thereafter sold by Mr. Gillam, the trustee named in the deed of trust, to secure notes held by the plaintiff. At said sale plaintiff was the purchaser, and thereafter the trustee conveyed both said tracts of land to the plaintiff who is now the owner and in possession of the same. Plaintiff has brought this action to recover of the defendants damages for breach of contract, alleging his damages in the sum of $500, the amount paid to defendants by plaintiff as consideration for the contract.

Defendants in their further answer to plaintiff's complaint, allege "that it was agreed by and between both plaintiff and defendants that plaintiff should be given a deed for the ten acres of said land at the sum of $200 per acre and that instead of paying cash for same he would credit the purchase price of the ten acres of land on the claims that he held against the land and that he would then carry the balance of the indebtedness, either for the defendants if they desired to take a deed to themselves for said lands, or for any person to whom they might sell the same; that in accordance with the above proposition of the said plaintiff, the defendants executed and delivered to the plaintiff an option covering the said ten acres of land as set out in the complaint; that the defendants then went to work and had the said land surveyed and platted, and a deed prepared to the plaintiff for the said ten acres of land as agreed and then and there the plaintiff refused to accept same; that the defendants have at all times been ready, able and willing to comply with each and every part of their agreement with the plaintiff but that plaintiff refused to accept the deed and abide by his agreement with the defendants." These allegations are denied by the plaintiff in his reply.

His Honor submitted issues, which with the answers of the jury are as follows:

1. Are defendants indebted to plaintiff as alleged in the complaint? Answer: "Yes."

2. If so indebted, then in what sum? Answer: "$500 with interest thereon since 11 June, 1920."

In apt time, defendants tendered the following issue and asked that same be submitted to the jury: "Did the plaintiff agree to purchase the land described in the complaint at the sum of $200 per acre and credit the same on the indebtedness and carry the balance of the debt then held by him on said lands?" To the refusal of the court to submit this issue defendants excepted, and assign same as error.

In apt time and in writing, defendants requested the court to charge the jury as follows: "That if you find from the evidence that at the time the defendants executed the option to the plaintiff, the plaintiff held or controlled all of the encumbrances then on the land covered and described in the option and agreed to join with the defendants in making a good deed and title for the same; and that at the time the plaintiff demanded a deed of the defendants for said lands and they tendered the same to him, he then held or controlled all encumbrances against the said land and refused to accept the deed and release the lands from the encumbrances so that defendants could make him a good title to the same, then I charge you that the plaintiff is not entitled to recover of the defendants and you should answer the issue 'No.'" To the refusal of the court to give this instruction, defendants excepted and assign same as error.

There are other exceptions of the defendants upon which assignments of error are based. Upon the verdict rendered by the jury there was judgment in favor of the plaintiff and against the defendants. Defendants excepted to the judgment and appealed to the Supreme Court.

*Winston & Matthews for plaintiff.*
*Craig & Pritchett and Stanley Winborne for defendants.*

CONNOR, J. The execution of the contract or option, as alleged in the complaint, is admitted in the answer. It is not denied that plaintiff demanded of the defendants a deed for the ten acres of land, described in the contract, in accordance with its terms. Nor is it denied by the plaintiff that defendants tendered to him, in accordance with such demand, a deed for the said land, executed by J. F. Whedbee and wife, and by the defendants. Plaintiff contended that this deed did not convey to him a good, merchantable title to said land, for the reason that said ten acres of land was a part of and was included within the boundaries of a larger tract of land, which was encumbered by a mortgage and deed of trust executed by J. F. Whedbee and wife, securing notes then unpaid and outstanding. Defendants admit the truth of this contention of plaintiff.

In their answer, however, defendants allege that the notes secured by the mortgage and deed of trust were owned and controlled by plaintiff at the date of the contract, and also on the day the deed was tendered to him. They further allege that at the execution of the contract it was agreed by and between plaintiff and defendants that instead of paying the purchase price of the land in cash, plaintiff would credit the same upon his notes; that at the date the deed was tendered to plaintiff, defendants were ready, able and willing to comply with this agreement, and that plaintiff refused to accept the deed and credit the purchase price of the land in accordance with this agreement, thus releasing the ten acres from the mortgage and deed of trust. This allegation was denied by plaintiff in his reply.

An issue was thus raised by the new matter in the answer, controverted by the reply; C. S., 582, subsec. 2. The issue thus raised is material to the defense relied upon by defendants to plaintiff's cause of action. Indeed, it was vital, for it involves the sole defense set up by defendants in the pleadings to the right of plaintiff to recover in this action. There was error in refusing to submit the issue tendered by defendants, or at least an issue involving the matters relied upon by the defendants, and alleged in their answer.

"A cause of action or defense should not be tried upon the issue of damages merely, where objection is made, but a separate issue should be submitted and the issue as to damages left to embrace that subject alone." *Carter v. McGill,* 168 N. C., 507. The failure to submit the issue tendered by defendants, or an issue involving the matters relied upon by defendants in defense of plaintiff's cause of action, did not afford defendants opportunity to present these matters to the jury. "When a material defense is pleaded, it is proper for the court to submit an issue on it." *Owens v. Phelps,* 95 N. C., 286.

The deed executed by J. F. Whedbee and wife and the defendants was sufficient to convey to plaintiff a good title to the land, subject only to the encumbrances held by plaintiff. The contract made by J. F. Whedbee and wife, and M. L. Whedbee provided that upon payment by M. L. Whedbee, his heirs or assigns of the purchase price for the lands described therein on or before 1 January, 1921, J. F. Whedbee and wife would convey said lands, which included the ten acres, to said M. L. Whedbee, his heirs or assigns. By its express terms, the contract was to be null and void, if M. L. Whedbee, his heirs or assigns failed to demand deed and pay the purchase price before 1 January, 1921. M. L. Whedbee's rights under this contract had expired on 2 January, 1921, and it is immaterial that his assignment of his rights under the contract to defendants was not recorded. It is also immaterial whether

the extension of the contract to 1 January, 1922, was valid or not. J. F. Whedbee, the owner of the land, signed the deed and his wife joined him. If the assignment to defendants by M. L. Whedbee, and the extension by J. F. Whedbee and wife, were valid, and defendants had an equity in the land, it was not necessary, in order to pass a good title to the land that their wives sign the deed. *Power Corp. v. Power Co.,* 168 N. C., 219. The only valid objection to the deed tendered plaintiff, was that the land was encumbered by a mortgage and deed of trust, securing claims owned and controlled by plaintiff. Plaintiff could not avail himself of this objection, as a justification for refusing to accept the deed as tendered, if he had agreed to credit the notes owned by him, and secured by the mortgage and deed of trust with the purchase price of the ten acres, and defendants were willing, when they tendered the deed, that the purchase price should be so credited by the plaintiff.

There is no law requiring that such an agreement on the part of plaintiff, with respect to the application of the purchase money, and the release of the land from the mortgage and deed of trust, should be in writing. There was evidence tending to establish the agreement as alleged by defendants in their answer, and the refusal of the court to give the instruction requested by defendants was error. See *Stevens v. Turlington,* 186 N. C., 191.

There must be a new trial. An appropriate issue, involving the matters alleged in the answer in defense of plaintiffs cause of action must be submitted the jury. If competent evidence, tending to establish the truth of the allegation is offered, the jury should be instructed by the court upon the law arising thereon.

New trial.