E. V. GASKINS v. EVELYN D. MITCHELL, ADMINISTRATRIX OF
W. G. MITCHELL ET AL.

(Filed 28 September, 1927.)

**Trials—Issues—Contracts—Pleadings—Counterclaim—Appeal and Error —New Trials.**

Where in an action to recover for goods sold and delivered a complete defense is set up in the answer upon a warranty, it is reversible error for the trial court to submit, over the defendant's exception, but one issue as to plaintiff's damages, and refuse to submit an issue tendered by the defendants upon the defense it had set up.

APPEAL by defendants from *Moore, Special Judge,* at May Term, 1927, of BERTIE. New trial.

The issues submitted to the jury were answered as follows:

1. Are the defendants indebted to the plaintiff, and if so, in what sum? Answer: $228.50, with interest.

2. Is the plaintiff indebted to the defendants upon the counterclaim set up in the answer, and if so, in what sum? Answer: Nothing.

From judgment upon the verdict, defendants appealed to the Supreme Court.

*Gillam & Spruill for plaintiff.*
*A. T. Castelloe and Craig & Pritchett for defendants.*

CONNOR, J. This is an action to recover of defendant, administratrix of W. G. Mitchell, the balance due on the purchase price of one Leader Water System, sold by plaintiff to W. G. Mitchell, and installed in his store-building at Aulander, N. C. Defendants deny that the said W. G. Mitchell purchased the said water system, as alleged in the complaint. In their answer they allege that "the said water system was installed by plaintiff in the store of the said W. G. Mitchell, deceased, with the express warranty on the part of the plaintiff to the said deceased, that the same would furnish an ample supply of water to keep water running in the soda fountain in said store at all times and would give complete satisfaction in every respect, and with the said warranty and understanding the deceased agreed to purchase same and did so purchase same; that soon after the said water system was installed as aforesaid, the said W. G. Mitchell notified plaintiff that the water system was not giving satisfaction or performing the work as he had warranted the same to do, and the plaintiff was asked to remove the same from the building; that defendants are willing to return said system to the plaintiff at any time, and have asked plaintiff several times to remove the same; that the aforesaid warranty is specifically set up and pleaded as a defense to plaintiff's cause of action."

In reply to this allegation, plaintiff alleges that "he has performed each and every condition of said contract of sale with the said W. G. Mitchell, deceased, and that there has been no breach of warranty in the sale of said property on the part of the plaintiff."

Defendants excepted to the issues submitted to the jury and tendered other issues which arise upon the pleadings with respect to the terms upon which the water system was installed, and as to whether plaintiff had complied with said terms. To the refusal of the court to submit these issues defendants excepted. Assignments of error based upon these exceptions are sustained. There was evidence tending to support the allegations in the answer. Defendants' contentions upon this evidence were not presented to the jury in the charge of the court upon the issues submitted. The facts in controversy upon which defendants rely as a defense to plaintiff's recovery have not been determined by the jury.

In *Carter v. McGill,* 168 N. C., 507, it is said: "A cause of action or defense should not be tried upon the issue as to damages, merely, where objection is made, but a separate issue should be submitted, and

the issue as to damages left to embrace that subject alone." See, also, *Brown v. Ruffin,* 189 N. C., 262, where it is said that when a material defense is pleaded, it is proper for the court to submit an issue on it. *Owens v. Phelps,* 95 N. C., 286.

Where liability either upon contract or in tort involves material facts, alleged by one party and denied by the other, in the pleadings, an issue should be submitted to the jury, clearly presenting the controversy for their determination, from the evidence, and under the instructions of the court. It is not, ordinarily, sufficient to submit an issue as to in- debtedness or damages, merely.

For the error with respect to the issues, defendants are entitled to a New trial.