PAUL D. McNEILL, Administrator, v. J. K. McGIRT et al.

(Filed 28 March, 1928.)

**Trial—Submission and Withdrawal of Issues—Appeal and Error—Prejudicial Error—Bills and Notes—Endorsers.**

When the endorsers on a note plead two separate and distinct defenses to their liability to the action, with evidence to support them, and the trial judge has submitted issues upon each of them, one upon want of notice of presentment and dishonor to them as accommodation endorsers, it is reversible error for the trial judge to withdraw this issue upon which the defense largely depends, from the jury and leave the jury uninstructed as to the law thereon, and submit the case upon the other issue alone.

Appeal by defendants, Edna P. Sellers, Executrix, Eula McGirt, Executrix, and W. G. McLean, from *Bond, J.,* at October Term, 1927, of Robeson.

Civil action to recover the value of certain Liberty Bonds, ten thousand dollars in amount, loaned to the Bank of Maxton a few months prior to its failure on 6 October, 1924.

Two causes of action are set out in the complaint: First, it is alleged that the bonds in question were procured from plaintiff's intestate upon the representation by the cashier of the Bank of Maxton that all the directors of said bank would guarantee their return or else see that he was paid their full value in money, and as collateral to this promise, a note for ten thousand dollars was executed to plaintiff's intestate by the Bank of Maxton and endorsed by some, but not all, of the directors of said bank.

In the second cause of action plaintiff declared upon the note which was executed 16 July, 1924, and has never been paid.

J. B. Sellers, who appears as one of the endorsers on said note, died before the institution of this action, and J. K. McGirt, who appears as another endorser thereon, died pending the litigation. Both are duly represented herein by their personal representatives who, with W. G. McLean, have filed answer denying liability, because, they allege that

the note alone represents the agreement of the parties, and as they have had no notice of dishonor, as accommodation endorsers, they claim to be discharged from liability thereon. All of the defendants, except those answering, submitted to judgment by default final. It is admitted, however, that the defendants, other than those answering and appealing, are insolvent.

Issues were framed to cover both causes of action as well as the defense interposed by the defendants, but after the case had been submitted to the jury, the court recalled the jury and withdrew from their consideration all issues relative to the second cause of action. Defendants except.

From a verdict in favor of the plaintiff on the first cause of action, the defendants appeal assigning errors.

*J. E. Carpenter and H. F. Seawell & Son for plaintiff.*
*J. G. McCormick, McKinnon & Fuller and McLean & Stacy for defendants.*

STACY, C. J. The action of the trial court in withdrawing from the jury's consideration the issues originally submitted on the second cause of action, must be held for error under the circumstances here disclosed. It appears from an inspection of the record that the contention of the defendants was submitted principally, if not wholly, upon these issues. Hence the court, in withdrawing them without further instruction, inadvertently took from the jury, certainly for all practical purposes, the defendants' entire defense. This was error. *Gaskins v. Mitchell,* 194 N. C., 275, 139 S. E., 435.

The remaining exceptions are not considered, though it is observed that the decisions in *Busbee v. Creech,* 192 N. C., 499, 135 S. E., 326, and *Sykes v. Everett,* 167 N. C., 600, 83 S. E., 585, may become pertinent on another hearing. As to this, however, we express no opinion in advance of the evidence.

New trial.