HOME BUILDING, INC., v. H. W. NASH, T. B. DIXSON, MRS. MARY
DIXSON AND BROWN-ROGERS-DIXSON COMPANY.

(Filed 11 March, 1931.)

1. **Fraud B a—In this case held: plaintiff alleged action for fraud and issues tendered by defendant were correct.**

Where a material furnisher brings action against the owner of a building, the contractor and another material furnisher for damages caused by the procurement of a waiver by the plaintiff material furnisher of his right of lien, the plaintiff alleging that the defendants conspired together to obtain the waiver by fraud, *Held:* the action is not to enforce a lien or to establish the right of the plaintiff to participate in any funds in the hands of the owner, but is an action for damages based upon allegations of fraud and conspiracy in procuring the waiver, and issues thereon tendered by the defendants were proper and should have been submitted to the jury, and the plaintiff would be entitled to recover thereon provided that competent evidence was offered on such issues.

2. **Fraud C c—Agreement of contractor to pay pre-existing debt out of contract price held no evidence of fraud as to materialmen.**

In an action by a material furnisher against the owner of a building, the contractor and another material furnisher, to recover damages for fraud and conspiracy in obtaining from the plaintiff a waiver of his right of lien, the fact that the owner and the contractor agreed that the contractor should pay out of the contract price a preëxisting debt owed to the defendant material furnisher, a corporation in which the owner was interested, is not evidence of fraud in obtaining the waiver, the plaintiff having no right in the contract price until notice to the owner, nor is the fact that, sometime after the plaintiff signed the waiver, the contractor failed to disclose the agreement evidence of fraud as to him in obtaining the waiver and therefore is not evidence of such as against his alleged coconspirators.

3. **Laborers' and Materialmen's Liens E a—Plaintiff held remitted to right to participate in funds in hands of owner.**

The legal effect of a valid waiver of lien, under the circumstances disclosed by the present record, is to remit the plaintiff to his right to participate in any fund in the hands of the owner.

CIVIL ACTION, before *Stack, J.*, at September Term, 1930, of FORSYTH.

The plaintiff is a corporation with principal office at Asheboro, North Carolina, and engaged in the business of manufacturing and selling lumber and millwork.

The defendants, T. B. Dixson and Mrs. Mary Dixson, are husband and wife. Dixson and his wife were desirous of having a house constructed on a lot owned by the defendant Dixson. An architect prepared plans and specifications which were duly submitted to various contractors. When the bids were received and canvassed it was ascertained that the bid of defendant Nash for the construction of said residence was the

low bid. There was evidence tending to show that the owners required a bond for the faithful performance of the contract, and that the contractor Nash, being unable to procure bond, proposed to the owners that he would secure a waiver of lien from certain materialmen covering necessary material for the building. Thereupon, on 13 October, 1928, a written contract was entered into between the defendant Nash and the Dixsons according to the terms of which Nash was to construct a house according to the plans and specifications prepared by Northup and O'Brien, architects, for the stipulated price of $22,250. Payments were to be made upon certificates of the architects upon the basis of eighty per cent of the value of material delivered upon the ground and incorporated in the building. The contract further provided that out of the contract price the contractor Nash was to pay to the defendant Brown-Rogers-Dixson Company the sum of $5,499.11 upon a preexisting indebtedness. The defendant T. B. Dixson was an officer of said Brown-Rogers-Dixson Company. On 24 October, 1928, the defendant Nash approached the plaintiff Home Building, Inc., and secured a waiver of lien directed to the architects and worded as follows: "We are writing to advise that we will furnish the framing and millwork for residence for Mrs. Mary Dixson—H. W. Nash, contractor, and will waive our right of lien." There was evidence tending to show that the original contract was made on 29 September, 1928, and that the original contract did not contain the provision with respect to paying the preëxisting indebtedness to Brown-Rogers-Dixson Company. Upon the other hand there was evidence that the actual contract was the contract of 13 October, and that the confusion of dates was due to inadvertence of the typist.

Nash proceeded with the work, receiving checks from time to time from the owner and paying from time to time out of the contract price so received, portions of the Brown-Rogers-Dixson Company indebtedness.

Thereafter Nash could not complete the work and the owner proceeded to complete the contract. The jury found when the work was completed that there were outstanding claims due various materialmen, including the plaintiff, in the sum of $9,156.18, and that the owners owed the contractor $4,149.28 over and above the sum of $5,449.11 paid to Brown-Rogers-Dixson Company. The evidence further tended to show that when the contractor Nash approached the plaintiff about furnishing material that he did not state to plaintiff that $5,449.11 of the contract price was to be paid to Brown-Rogers-Dixson Company. However, it does not appear that the plaintiff asked for such information or made any request to see the contract in order to be apprised of its terms. Thereafter, on or about 9 May, 1929, the plaintiff, in company with his attorney, went to see the defendant T. B. Dixson and gave him notice of the claim for material "and we asked him if any of the funds going

from the general contractor had been diverted to Brown-Rogers-Dixson Company or anybody else for material that did not go into the job, and he said it had not. We then asked him how much was due Mr. Nash, contractor, balance on general contract, and he would not answer."

The evidence further showed that all checks issued by the owner to the contractor upon the contract price were made out in the name of the contractor, and that all payments made on the Brown-Rogers-Dixson Company claim were from checks made payable to Nash, the contractor, and endorsed by him.

Thereafter, on 20 June, 1929, the plaintiff brought this action against the defendants, alleging that the defendant T. B. Dixson was an officer of Brown-Rogers-Dixson Company, and that said Dixson and said corporation and the contractor had entered into a conspiracy to cheat and defraud the plaintiff and to procure from him the said waiver of lien upon the property of the owner, and that by reason of such fraud and conspiracy the plaintiff had been damaged in the sum of $3,308.93, said amount being the value of material furnished by the plaintiff to the contractor and used in the residence of defendants.

Certain issues were submitted to the jury.

The defendants objected to the issues submitted and tendered the following issues:

1. "Was the release and the furnishing of materials procured from the plaintiff by fraud or conspiracy of the defendants, H. W. Nash, T. B. Dixson, Mrs. Mary Dixson, and Brown-Rogers-Dixson Company?"

2. "If so, which of them?"

3. "What amount, if any, is the plaintiff entitled to recover of the defendant, H. W. Nash?"

4. "What damages, if any, is the plaintiff entitled to recover of the defendants?"

The court declined to submit the issues tendered by the defendants.

Upon the verdict of the jury judgment was rendered against Nash, T. B. Dixson, and Brown-Rogers-Dixson Company for the sum of $3,308.98, together with interest and costs.

From judgment so rendered the defendants appealed.

*Parrish & Deal for plaintiffs.*
*Ingle & Rucker and Manly, Hendren & Womble for defendants.*

BROGDEN, J. 1. Was the waiver of lien executed by the plaintiff procured by the fraud of the contractor or as a result of a conspiracy between the defendants?

2. What was the legal effect of such waiver?

At the outset it is to be observed that this suit is not instituted for the purpose of enforcing a lien or to establish the right of participation

in any funds that may be left in the hands of the owner due the contractor. It is a typical action for damages based upon allegations of fraud and conspiracy in procuring from the plaintiff a waiver of lien. Therefore, it is obvious that many of the issues submitted to the jury had no bearing upon the vital questions in controversy. If the contractor secured the waiver of lien by fraud and the other defendants participated therein or conspired with the contractor to defraud the plaintiff of the protection and security of a lien, and such facts be found by a jury, the plaintiff would be entitled to recover upon the causes of action as laid in the pleadings, provided of course that competent evidence was offered upon the issues submitted.

The agreement by the contractor to pay a preëxisting debt to a creditor out of the proceeds of the contract price was not unlawful, and in itself, constituted no evidence of fraud. *Rose v. Davis,* 188 N. C., 355. Such contract price is not deemed by the law to be a trust fund until notice has been given to the owner. *Foundry Co. v. Aluminum Co.,* 172 N. C., 704. Moreover, the legal fiction of a trust fund after notice, is designed exclusively for the purpose of enabling the claimant to share in the fund or proceeds undistributed and then remaining in the hands of the owner and due upon the contract price. Hence the issues submitted by the defendants were the proper issues arising upon the pleadings and should have been submitted to the jury.

The defendant Nash filed an answer in which he failed to deny the allegations of fraud, contained in the complaint, but set up the defense that he had been adjudicated bankrupt on 3 June, 1929, and pleaded the bankruptcy act as a bar to recovery. Thus the allegations of fraud are not denied by the defendant Nash. The plaintiff, however, cannot recover against the other defendants unless there is competent evidence tending to show that said defendants participated in any fraud committed by Nash or ratified the same. A careful analysis of the record fails to produce the conclusion, upon the record now before the court, that any evidence of such participation or ratification was offered. It is true that on 9 May, long after the contract had been made, the defendant Dixson did not make a full disclosure to the plaintiff and his attorney with respect to various payments made to the contractor, but this conversation produces no evidence of fraud in the procurement of a release of a lien secured many months prior thereto. And if not sufficient to fix liability upon the defendant Dixson, it necessarily follows that it was not sufficient to fix liability upon the Brown-Rogers-Dixson Company upon the evidence offered at the trial.

The legal effect of a valid waiver of lien, under the circumstances disclosed by the record, is to remit the plaintiff to his right to participate in any fund in the hands of the owner.

New trial.