## J. B. COLT COMPANY v. MRS. LUDIE BARBER and HOYT BARBER.

(Filed 20 September, 1933.)

1. **Trial F a—Issue submitted held insufficient to enable defendants to present defense to jury, and a new trial is ordered.**

In an action on certain promissory notes executed by defendants, defendants filed answer alleging that the notes were given as a part of the purchase price of merchandise sold by plaintiff, and that the execution of the notes and the contract of sale was procured by the false and fraudulent representations of plaintiff and set up a counterclaim for damages. Plaintiff replied, denying the allegations of the defense and alleging that plaintiff had waived the right to rescind the contract by failure to assert such right within the three years allowed by the contract. Defendants offered evidence in support of their allegations, and tending to show that they had refused to pay the notes within six months from date of sale, and requested the court to submit an issue to the jury as to the alleged false representations. The court refused the request and sub-

mitted only one issue to the jury as to whether defendants were indebted to plaintiff: *Held*, the issue submitted was not sufficient to enable defendants to present to the jury their contentions upon which their defense was founded, and defendants are entitled to a new trial.

**2. Same—Form and sufficiency of issues in general.**

The form and number of issues in a civil action is within the sound discretion of the trial court subject to the restrictions that the issues must be issues of fact and raised by the pleadings, that a verdict upon them will enable the court to render judgment, and that the parties have opportunity to present any view of the law arising out of the evidence.

Appeal by defendants from *Parker, J.,* at March Term, 1933, of Martin. New trial.

The execution of the notes sued on in this action by the defendants was admitted. In their answer, the defendants alleged that the execution of the said notes, and of the contract by virtue of which the said notes were executed, was procured by false and fraudulent representations made to them by the agent of the plaintiffs, with respect to the lighting plant, which the defendants purchased from the plaintiff. Upon further allegations in their answer, the defendants prayed judgment that they recover of the plaintiff damages suffered by them as the result of the said false and fraudulent representations. These allegations were denied in the reply filed by the plaintiff, who further alleged that the right of the defendants to rescind their contract with the plaintiff is barred by the failure of the defendants to assert such right within three years after such right, if any, accrued.

At the trial, the defendants tendered the following issue, and requested the court in apt time to submit the same to the jury:

"Were the execution of the contract and of the notes in question procured by false and fraudulent representations as alleged in the answer?"

The court refused to submit this issue to the jury, and defendants duly excepted to such refusal. The only issue submitted to the jury was as follows:

"In what amount, if any, are the defendants indebted to the plaintiff?"

There was evidence tending to support an affirmative answer to the issue tendered by the defendants and refused by the court; there was also evidence tending to show that within six months after the lighting plant was delivered to them by the plaintiff, the defendants discovered that the representations made to them by the agent of the plaintiff, with respect to said lighting plant, were false and fraudulent, and that defendants thereupon refused to pay the notes sued on in this action, and demanded that plaintiff remove the said lighting plant from their premises.

The court instructed the jury that if they should find the facts to be as all the evidence tended to show, they should answer the issue submitted to them, "$381.50, with interest from the maturity of each of said notes." The defendants excepted to this instruction.

From judgment on the verdict as returned by the jury, that plaintiff recover of the defendants the sum of $381.50, with interest on each of the notes sued on from its maturity, and the costs of the action, the defendants appealed to the Supreme Court.

*Jos. W. Bailey for plaintiff.*
*B. A. Critcher for defendants.*

CONNOR, J. The issue tendered by the defendants and refused by the court is raised by the pleadings in this action. An affirmative answer to this issue would be determinative of the controversy between the plaintiff and the defendants, unless as alleged in the reply filed by the plaintiff, defendants have waived their right to rescind the contract by virtue of which the notes sued on in this action were executed by them. The single issue submitted by the court was not sufficient to enable the defendants to present to the court and to the jury the contentions on which their defense to this action is founded. It was therefore error to refuse to submit the issue tendered by the defendants, and for this error, the defendants are entitled to a new trial. See *Gaskins v. Mitchell,* 194 N. C., 275, 139 S. E., 435; *Brown v. Ruffin,* 189 N. C., 262, 126 S. E., 613; *Owens v. Phelps,* 95 N. C., 286.

The form and number of the issues in the trial of a civil action are left to the sound discretion of the judge, subject to the following restrictions: (1) That only issues of fact raised by the pleadings should be submitted; (2) that they be such that a verdict upon them will enable the court to render a judgment; and (3) that the parties shall have the opportunity to present any view of the law arising out of the evidence. All the issues of fact raised by the pleadings, and only such issues, should be submitted, and whether there shall be one or more, and in what particular form, is left to the judge, provided the above conditions are met. It is error to submit the single issue, "How much, if anything, is the plaintiff entitled to recover," if other issues are raised, since this leaves out the controverted facts upon which the right to recover is based. McIntosh N. C. Prac. and Proc., p. 545.

New trial.