LINWOOD GRIFFIN, JR., v. UNITED SERVICES LIFE INSURANCE COMPANY, INC.

(Filed 12 December, 1945.)

**1. Fraud §§ 8, 9—**

In an action against a life insurance company to recover on a policy issued by it, a plea of fraud by the defendant is an affirmative defense. The burden is on the defendant to show both false representations and *scienter.* Hence, the exception to the refusal of the court to dismiss, as in case of nonsuit, is without merit.

**2. Trial § 37—**

Ordinarily, the form and number of the issues, in the trial of a civil action, are left to the sound discretion of the trial judge and a party cannot complain because a particular issue was not submitted to the jury in the form tendered by him.

**3. Trial § 38—**

It is the duty of the judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising on the pleadings.

**4. Same—**

The issues submitted together with the answers thereto must be sufficient to support a judgment disposing of the whole case. The rule applies to new matter alleged in the answer.

**5. Trial § 38—**

In an action to recover on a policy of life insurance, where there were issues squarely raised by the pleadings, supported by evidence, as to the valid delivery of the policy and as to the payment of the first premium, and the court declined to submit the issues thereon tendered by defendant, or to submit others of similar import, which would be determinative of the questions presented, there was error.

APPEAL by defendant from *Nimocks, J.,* at February Term, 1945, of CUMBERLAND. New trial.

Civil action to recover on policy of life insurance.

On or about 1 April, 1941, plaintiff applied to the defendant for a policy of life insurance in the sum of $2,000 on the life of his wife, Frances Parrott Griffin. The application was in the name of the insured and contained certain representations "in lieu of medical examination." Plaintiff was named as beneficiary. The policy was delivered in accord with the application.

The insured died 15 July, 1941. Plaintiff filed proof of death. The defendant denied liability. Thereupon plaintiff instituted this action to recover the face amount of the policy.

The defendant in its answer pleads (1) fraud in the procurement of the policy and (2) no valid and binding delivery.

The issues submitted to the jury were answered in favor of the plaintiff. From judgment thereon the defendant appealed.

*W. C. Downing and James R. Nance for plaintiff, appellee.*
*Neil Burkinshaw and Robert H. Dye for defendant, appellant.*

BARNHILL, J. The plea of fraud was an affirmative defense. The burden was on the defendant to show both false representation and *scienter.* Hence the exception to the refusal of the court to dismiss as in case of nonsuit is without merit.

The application contains the provision "the insurance hereby applied for shall not take effect until a policy shall have been actually delivered to and accepted by me, while I am in good health and the first premium

shall have been paid or allotted to be paid during my continued good health. If, however, at the time of signing the application, the full first premium is paid, then the insurance will take effect from the date of this application (subject to the provisions of the policy applied for) . . ."

The defendant pleads this provision by way of further defense and alleges that the insured was not in good health at the time the policy was delivered to and accepted by her; that the first full premium was not paid at the time of signing the application and has not been "paid or allotted to be paid during her continued good health," and that, therefore, there has never been a valid delivery of said policy.

There was evidence tending to show that the insured was afflicted with chronic myelogenous leukemia and that she had not been in good health for a period of at least five years. She was treated at the Highsmith Hospital in Fayetteville in 1940 and again in July, 1941. Shortly after the application she left for California to consult a doctor. She had likewise been treated at the Mayo Clinic and several Army hospitals.

The testimony discloses that·the first full premium was not paid at the time of the application. It does not appear that it was allotted to be paid.

So then there was an issue squarely raised by the pleading, supported by evidence, as to the valid delivery of the policy. It was material to the affirmative defense relied on. On this state of the record the court declined to submit the issues tendered by defendant or to submit others of similar import which would be determinative of the questions presented. In this there was error.

Ordinarily the form and number of the issues in the trial of a civil action are left to the sound discretion of the judge and a party cannot complain because a particular issue was not submitted to the jury in the form tendered by him. But G. S., 1-200, is mandatory. It is the duty of the judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising on the pleadings. *Holler v. Tel. Co.,* 149 N. C., 336; *Falkner v. Pilcher,* 137 N. C., 449; *Brown v. Ruffin,* 189 N. C., 262, 126 S. E., 613; *Gaskins v. Mitchell,* 194 N. C., 275, 139 S. E., 435; *Home Building, Inc., v. Nash,* 200 N. C., 430, 157 S. E., 134; *Colt Co. v. Barber,* 205 N. C., 170, 170 S. E., 663.

The issues submitted together with the answers thereto must be sufficient to support a judgment disposing of the whole case. *Tucker v. Satterthwaite,* 120 N. C., 118; *Burton v. Mfg. Co.,* 132 N. C., 17; *Falkner v. Pilcher, supra; Colt Co. v. Barber, supra.*

The rule applies to new matter alleged in the answer. *Shaw v. McNeill,* 95 N. C., 535; *Main v. Field,* 144 N. C., 307; *Brown v. Ruffin, supra.*

In the absence of such issues, or admissions of record equivalent thereto, sufficient to reasonably justify directly or by clear implication, the judgment rendered, this Court will remand for a new trial. *Holler v. Tel. Co., supra; Hatcher v. Dabbs,* 133 N. C., 239; *Brown v. Ruffin, supra; Owens v. Phelps,* 95 N. C., 286; *Colt Co. v. Barber, supra.*

In view of the disposition we have made of this appeal we do not deem it necessary to discuss other exceptive assignments of error appearing in the record.

For the reason stated there must be a

New trial.