F. GORDON COBB v. MRS. ESTELLE LAND COBB.

(Filed 27 January, 1937.)

**1. Husband and Wife § 21—Deed of separation may be set aside only for fraud or mutual mistake.**

A deed of separation between husband and wife, duly executed and approved by the court, is a valid and binding contract between the parties, and may not be set aside upon application of either except for mutual mistake, or mistake of one party induced by the fraud, undue influence, etc., of the other, and mistake on one side alone without fraud on the other is insufficient ground for cancellation of the agreement.

**2. Appeal and Error § 40—**

Where the court hears the evidence by agreement of the parties, the court's findings of fact therefrom are as conclusive as the verdict of a jury, and will not be disturbed on appeal when they are supported by any competent evidence.

**3. Husband and Wife § 20—Court held to have had discretionary power to modify terms of deed of separation under its provisions.**

The deed of separation between plaintiff husband and defendant wife which was duly executed by the parties and approved by the court, provided that if in the future the husband's income should be materially reduced below the amount received by him in the twelve months preceding the execution of the deed of separation, he might apply to a court of competent jurisdiction for a reduction in the amount of the monthly payments to the wife provided in the instrument. The husband instituted action in this State after he had removed his residence to the State and had been living here more than twelve months preceding the institution of the action. Defendant filed answer, and both parties were present and represented in court. Upon evidence heard by him, the court found that plaintiff's income from all sources had been materially reduced, and reduced the monthly allowance to defendant by one-third, effective as of the date of the institution of the action. *Held:* The court had jurisdiction, in the exercise of its discretion, to enter the order reducing the allowance, and its judgment will not be disturbed on appeal of either party in the absence of any showing of arbitrariness or abuse of discretion.

**4. Appeal and Error § 37—**

A discretionary order of the trial court is conclusive on appeal in the absence of abuse or arbitrariness.

**5. Appeal and Error § 39e—**

Exceptions to the admission or exclusion of evidence which is immaterial or not prejudicial do not entitle appellant to a new trial.

APPEAL by plaintiff and defendant from *Pless, Jr., J.,* at September Term, 1936, of MECKLENBURG. Affirmed on both appeals.

This was a civil action instituted by the plaintiff to set aside and declare void a separation agreement and decree heretofore entered into by the parties, and to reduce the monthly payments of $300.00 per month, provided for in said separation agreement, dated 19 September, 1929, and the decree.

In the court below are the following findings of fact and judgment:

"This cause coming on to be heard before J. Will Pless, Jr., Judge presiding, upon agreement of counsel for plaintiff and defendant that same may be heard without a jury, and that the court should find these facts and state his conclusions of law arising thereon, and after hearing the evidence, both plaintiff and defendant being personally present and represented by counsel, the court finds the following facts:

"That the plaintiff and defendant were married to each other in the year 1909, each of the parties having been married to other persons theretofore, the plaintiff being the father of two sons by his first marriage and the defendant being the mother of a daughter by her first marriage, and that no children were born to the marriage of the parties hereto.

"That in the year 1929, the plaintiff and defendant entered into a contract whereby they agreed to live separate and apart, said contract being dated 19 September, 1929, and is hereby incorporated in these findings as fully as if set out herein, and that in the year 1929, the plaintiff and defendant separated from each other and have lived separate and apart ever since, and entered into a contract whereby they agreed to live separate and apart, said contract being dated 19 September, 1929.

"The court further finds as a fact that thereafter, to wit, on 7 October, 1929, the parties agreed that a decree should be entered in the court of common pleas of Lancaster County, South Carolina, which incorporated a part of the terms of the separation agreement, said decree being made a part of these findings as fully as if set out herein.

"The court further finds as a fact that no increase or decrease in the monthly allowance of $300.00 as provided for in the separation agreement, and in the decree has been made by any court or by consent since that date.

"It is further found as a fact, that at the date of said separation agreement and of the decree, that the plaintiff had an annual income of approximately $24,000, approximately $18,000 of which was received as salary and bonus as general manager of the Lancaster Cotton Mill, the remainder being derived from dividends, interests, and rents.

"The court further finds as a fact that from the years 1929 to July, 1934, the plaintiff continued in the employment of the Lancaster Cotton

Mill and that his income from all sources remained at approximately $24,000.

"The court further finds that the plaintiff is 56 years of age, is in good health, and that he is regarded as an expert textile manufacturer; and that his property is reasonably worth the sum of $150,000, and that he has no liabilities.

"The court further finds as a fact that the plaintiff's employment with said mill terminated in July, 1934, and that the mill paid him $500.00 per month from that date up to and including January, 1935, at which time the plaintiff was employed by the Pomona Mills in Greensboro, North Carolina, at a monthly salary of $500.00, which amount he continued to receive until and including July, 1936; whereupon his employment with the Pomona Mills terminated, and since said time plaintiff has received no salary from any source, but that he is entitled to receive from the Gordon Realty Company, a real estate business in Charlotte, North Carolina, salary and dividends totaling $250.00 per month.

"The court further finds as a fact that the income of the plaintiff from sources other than salaries has not been reduced since 1929, and that in addition thereto he has other incomes not received in 1929; the court finding as a fact that his income from July, 1934, to July, 1935, was $12,500, and that his income from July, 1935, to July, 1936, was $12,500, and that the income of the plaintiff for the year (from July 1, 1936, to July 1, 1937) may be reasonably expected to amount to $10,000. The court further finds as a fact that the plaintiff has paid the defendant the sum of $300.00 per month, as required by the separation agreement, up to and including the month of July, 1934, and that he has made no payments to the defendant since that date.

"The court further finds as a fact that this action was instituted by the plaintiff in the Superior Court of Mecklenburg County on 11 August, 1934, and that the answer therein was filed by the defendant within the time required by law, after plaintiff published notice of summons, the defendant not being a resident of the State of North Carolina.

"The court further finds as a fact that the plaintiff is a citizen and resident of Mecklenburg County, and that he maintained his residence in the State of North Carolina more than 12 months preceding the commencement of this action.

"Upon the foregoing findings of facts, the court is of the opinion and so holds that the plaintiff's income from any and every source has been materially reduced and diminished below the amount of such income received by him during the 12 months next preceding the date of the separation agreement and decree; that the Superior Court of Mecklenburg County, North Carolina, under the facts above found, is a court of

competent jurisdiction for the determination of monthly payments to be made by the plaintiff to the defendant following the said reduced income, and the court is further of the opinion and so holds as a matter of law, that upon such showing by the plaintiff that the amount of payments to be required of the plaintiff in the future are within the sound discretion of the court, and the court has the authority to reduce the said payments as of the date of the reduced income, and to award judgment to the defendant and against the plaintiff in the amount of said reduced payments over the period during which no payments have been made to the defendant by the plaintiff, and that in fixing the amount of said payments that the court should consider both the income and the assets of the plaintiff.

"Thereupon, the court concludes upon such findings of fact and conclusions of law and in its discretion, that the plaintiff is entitled to a reduction of $100.00 per month, which said reduction is made as of 1 August, 1934, to date, and until further orders of the court.

"The plaintiff specifically requests the court to hold as a matter of law that the separation agreement is void in whole or in part, and of no effect for that it appears on its face to be unjust, inequitable, and without legal effect. Upon the failure of the plaintiff to offer evidence tending to support his contentions, and in the absence of any evidence upon plaintiff's allegations that the same was induced through duress, and so forth, the court refuses to make such holding, and holds as a matter of law the contract is valid and binding upon the parties.

"It is thereupon considered, ordered, and adjudged, that the defendant, Mrs. Estelle Land Cobb, have and recover of the plaintiff the sum of $5,200, being 26 monthly payments at the rate of $200.00 per month, and that the plaintiff pay the cost of this action.

"The request of the defendant that allowance be made for counsel fees, for the services rendered by her counsel up to and including this hearing, is denied in the discretion of the court.

"It is further considered, ordered, and adjudged, that pending further orders of this court, that the plaintiff pay to the defendant, Mrs. Estelle Land Cobb, the sum of $200.00 per month on or before the 10th day of each calendar month at such place as the defendant may from time to time fix the first payment upon said allowance to be made on or before 10 October, 1936.

"This cause is retained for further orders, including such orders as the reasonable allowance for attorney fees to counsel for defendant, for any services rendered to the defendant from and after this date."

Defendant excepted and assigned errors, and appealed to the Supreme Court on the ground that the court committed error in its conclusions of law and in signing the judgment, in that the court failed to render judg-

ment in favor of the defendant and against the plaintiff for the sum of $7,800, with interest on each monthly installment of $300.00 from the time each installment was due, on the 10th of the month, until paid.

The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones will be considered in the opinion.

*Jake F. Newell for plaintiff.*
*G. T. Carswell, Joe E. Ervin, and W. C. McDow for defendant.*

CLARKSON, J. The plaintiff and defendant are husband and wife, and prior to 19 September, 1929, lived in the town of Lancaster, South Carolina, where plaintiff was employed in the Lancaster Cotton Mills. They lived together with two sons of plaintiff by a former marriage and one daughter of defendant by a prior marriage, there being no children by this marriage. Owing to differences they entered into a separation agreement, dated 19 September, 1929. The separation agreement seems to have been carefully drawn and executed by the parties. Section 3 of the separation agreement is as follows:

"The said husband shall, during the joint lives of himself and his said wife, pay to the said wife the sum of $300.00 per month, payable on or before the 10th day of each month, at such place as the wife may from time to time fix; provided, however, that if at any time in the future said husband's income from any and every source whatsoever shall be materially reduced or diminished below the amount of such income received by him during the 12 months next preceding the date of this instrument, then the husband shall have the right to apply to the court of competent jurisdiction for a reduction in the amount of the monthly payments provided for above, and such court may grant such reduction in the amount of said monthly payments as it in its discretion may find and determine to be in keeping with such reduced income of the husband."

Section 8: "Such legal steps may immediately be taken and/or proceedings had as will render this instrument a valid and legal contract, binding upon and enforceable against each of the parties hereunder under the laws of the State of South Carolina, and the husband shall pay the expense and costs of such proceeding."

A decree was signed in the Lancaster County, South Carolina, court by T. J. Maudlin, presiding judge of the 6th Circuit, embodying the above separation agreement by the parties, and duly witnessed and signed as follows: "We consent to the foregoing decree. Estelle Land Cobb, Plaintiff. F. Gordon Cobb, Defendant." In the decree, among other things, is the following: "It is ordered, adjudged, and decreed:

That the written agreement made and entered into by and between the plaintiff, Estelle Land Cobb, and the defendant, F. Gordon Cobb, be and the same is hereby ratified and confirmed in all respects and made the judgment of the court."

On 11 August, 1934, the plaintiff, who had become a resident of Mecklenburg County, North Carolina, brought this action in the Superior Court against the defendant.

The prayer of plaintiff's complaint is as follows:

(1) That the monthly payments of $300 in the separation agreement and the decree "be set aside, revoked, and diminished to nothing."

(2) That the separation agreement and decree "be set aside, revoked, canceled, and declared void."

(3) That the plaintiff in this action be allowed to go without day, "free from further harassment and annoyance by the defendant in this action."

The defendant denied the material allegations of the complaint and prayed the court as follows:

(1) "That the court will declare the contract between the parties hereto, a copy of which is attached to the complaint marked 'Exhibit A,' as the valid and binding obligation of plaintiff, and will enter an order requiring the plaintiff to fulfill and perform the terms and conditions thereof."

(2) "That the court will adjudge defendant entitled to recover of plaintiff the sum of $300.00 per month, beginning with the month of August, 1934, until the trial of this action, and will render judgment in favor of the defendant and against plaintiff therefor."

(3) "That by reason of the plaintiff's failure to make payments of $300.00 per month, as provided for in said contract, for the months of August, 1934, through August, 1936, the plaintiff is indebted to the defendant in the sum of $7,500, with interest."

From a careful reading of plaintiff's complaint, we cannot see how the separation agreement and decree can be set aside, revoked, canceled, and declared void. The plaintiff also brings this action to have the allowance diminished to nothing under section 3 of the separation agreement, and at the same time says the agreement is void. To set aside the separation agreement and decree, there must be allegation and proof of fraud or mistake.

Essential elements of "actionable fraud" are representation, falsity, *scienter,* deception, and injury. *Leggett Electric Co. v. Morrison,* 194 N. C., 316; *Evans v. Davis,* 186 N. C., 41; *Peyton v. Griffin,* 195 N. C., 685.

In order to entitle a party to the correction of a written contract, he must allege and prove a mistake of material facts on his part, and that

of the plaintiff as well, or mistake on his part, and some fraudulent practice or act on the part of the plaintiff, whereby he was misled. *McMinn v. Patton,* 92 N. C., 371, 374. A mistake of one party will not entitle him to correction of a written instrument, but when there is mutual mistake, or mistake on one side, and either fraud, surprise, undue influence, misapprehension, imposition, or like cause on the other, giving rise to the plaintiff's mistake, the court will give relief. *White v. Richmond, etc., R. Co.,* 110 N. C., 456, 460; *Day v. Day,* 84 N. C., 408; *Strickland v. Shearon,* 191 N. C., 560; *Crawford v. Willoughby,* 192 N. C., 269; *Insurance Co. v. Edgerton,* 206 N. C., 402 (407); *Oliver v. Hecht,* 207 N. C., 481; *Crews v. Crews,* 210 N. C., 217. Neither can the separation agreement or decree be set aside except for fraud or mistake.

In the pleading there is neither sufficient allegation of fraud or mistake or evidence sufficient to set aside the separation agreement or decree. It was agreed in the court below that the matter "may be heard without a jury, and that the court should find these facts and state his conclusions of law arising thereon." The court below heard the evidence, found the facts, and stated his conclusions of law. It is well settled that the findings of fact, if there is any evidence to sustain them, are as binding on us as if the facts were submitted to and found by the jury.

The facts found by the court below were supported by evidence, and we must sustain them. The question of how much the husband's income had been reduced was one of fact, and the court reduced same one-third and required plaintiff to pay $200.00 a month instead of $300.00. The separation agreement and decree gave the court discretion "to be in keeping with such reduced income of the husband." There is no evidence that the court abused its discretion or acted arbitrarily. The plaintiff chose the forum to be heard in and must abide the result. Under section 3 of the separation agreement the discretion is clearly given.

The exercise of this discretion, when not abused or arbitrary, is binding. The plaintiff is bound by the findings of the court below. The judgment of the court below was that the plaintiff recover $5,200, being twenty-six monthly payments at the rate of $200.00 a month. The defendant contends that the amount should be $300.00 a month. We cannot so hold. The defendant, as well as the plaintiff, gave the discretionary power in the separation agreement or decree and is bound by same. In rendering judgment for the deferred payments due defendant, we can see no error. The plaintiff himself submitted to the jurisdiction of the court, and from the separation agreement the implication was that whatever the court found to be due by plaintiff he had to pay, and judgment

was rendered accordingly. At least there is no reversible or prejudicial error. From the view we take of this case, we see no prejudicial or reversible error in any of the exceptions and assignments of error made by plaintiff or defendant. The plaintiff's exceptions and assignments of error were mostly made to the admission and exclusion of evidence, immaterial in its nature.

We find no error in either plaintiff's or defendant's appeal.

Affirmed.