MARK M. WHITEMAN v. SEASHORE TRANSPORTATION COMPANY, INC., AND COASTAL CONSTRUCTION, INC.,

and

MARK M. WHITEMAN, ADMINISTRATOR OF THE ESTATE OF HELEN R. WHITE-MAN, DECEASED, v. SEASHORE TRANSPORTATION COMPANY, INC., AND COASTAL CONSTRUCTION, INC.

(Filed 12 April, 1950.)

**1. Torts § 5—**

One tort-feasor may not complain of nonsuit allowed its codefendant for failure of plaintiff's evidence to establish negligence on the part of such codefendant, when the question of its right to contribution against its codefendant is preserved by the admission of its evidence in regard thereto and the submission of the issue to the jury.

**2. Trial § 36—**

Where the issues submitted are sufficient to embrace all essential questions in controversy and to afford each party opportunity to present its case to the jury, exception to the court's refusal to submit issues tendered cannot be sustained.

**3. Appeal and Error § 39f—**

When the charge is without prejudicial error when considered contextually, exceptions thereto will not be sustained.

**4. Appeal and Error § 38—**

The burden is on appellant not only to show error but also that the error complained of was material and prejudicial.

**5. Automobiles § 7—**

The State Highway and Public Works Commission has authority to promulgate special speed restrictions at particular places on the highway when appropriate signs are properly erected. G.S. 20-141 (b), G.S. 20-141 (5) (d).

**6. Automobiles § 12a—**

The 1947 amendment to G.S. 20-141 provides that speed in excess of the limits fixed shall be "unlawful" rather than merely *"prima facie* evidence" that such speed is not reasonable or prudent.

**7. Negligence § 20—**

Exception to the failure of the court to give specific instructions on the doctrine of insulating negligence will not be held for error when the rights of the parties upon the evidence in the case are fully presented and explained in the instructions upon the question of proximate cause.

**8. Negligence § 7—**

The doctrine of insulating negligence is merely an application of the definition of proximate cause.

APPEAL by defendant Transportation Company from *Grady, Emergency Judge,* November Term, 1949, of LENOIR. No error.

Separate actions by Mark M. Whiteman individually and as administrator of Helen R. Whiteman, deceased, against the named defendants were by consent consolidated for trial. These actions were instituted to·recover damages for injuries to the person and property of the individual plaintiff and for the wrongful death of his intestate, resulting from a collision between an automobile driven by plaintiff and a passenger bus of defendant Transportation Company. It was alleged that these injuries were proximately caused by the concurring negligence of the Transportation Company and the Coastal Construction Company in the respects set out in the complaint.

The collision out of which this litigation arose occurred about 5 p.m. 29 November, 1948, four miles east of Kinston, North Carolina, on a

highway bridge on which defendant Construction Company was making repairs under contract with the State Highway and Public Works Commission. The bridge was 140 feet long, 20 feet in width, and its general direction east and west. For the purpose of making the repairs the defendant Construction Company had placed on the bridge a large mechanical crane 39 feet long, 12 feet high, and 8 feet wide. This was placed near the longitudinal center of the bridge and on its northern edge obstructing the northern traffic lane and leaving only one lane open for travel on the bridge for the length of the crane. Warning signs had been placed along the highway on both sides leading to the bridge, and limiting speed to 15 miles per hour. The day was clear. The plaintiff was traveling west, and in the automobile with him were his wife, the intestate, and a small child. Observing the road signs, plaintiff stopped at the entrance to the bridge and sounded his horn. A flagman employed by the Construction Company appeared and with a red flag signaled him to proceed. As plaintiff slowly turned into the south traffic lane to pass the crane he observed the bus of defendant Transportation Company approaching from the opposite direction, in the same lane, apparently with unslackened speed. Plaintiff testified he stopped and was attempting to back his automobile when it was struck head-on by the bus, with the injurious results complained of.

Plaintiff's allegation in each complaint was that the defendant Transportation Company was negligent in that it operated its bus in approaching and traversing the bridge at an unlawful speed in violation of the statutes and the restrictions imposed by the State Highway Commission for the bridge, and without keeping proper lookout; that it failed to slacken the speed of the bus when it knew the roadway was limited to one way traffic; and did so in disregard of the signal from the flagman of its codefendant. Plaintiff alleged the defendant Construction Company was also negligent in that it failed to warn plaintiff of the dangerous speed at which the bus was approaching, and that it failed to provide a flagman at each end of the bridge, and that the flagman on duty was incompetent.

The defendant Transportation Company in its answer denied negligence on its part in any of the respects alleged, pleaded the contributory negligence of the plaintiff, and that the collision resulted from the negligence of defendant Construction Company in failing to provide flagmen at each end of the bridge, and that the flagman on duty gave the bus driver as he approached the bridge the signal to proceed. The Transportation Company pleaded that any negligence on its part was insulated by the negligence of the defendant Construction Company, and that, in the event it be held liable to plaintiff, it recover over against its codefendant for contribution or indemnity.

Defendant Construction Company denied negligence on its part and alleged that the sole proximate cause of the injuries complained of was the negligence of its codefendant Transportation Company.

On the trial the plaintiff's evidence tended to support his allegations and to show the careful manner in which he approached the bridge from the east, and the high speed of the bus which continued unchecked in spite of the road signs and of the timely stop signal given by the flagman when the bus was 500 feet away. The defendant Transportation Company's motion for judgment of nonsuit was overruled.

At the close of plaintiff's evidence defendant Construction Company moved for judgment of nonsuit in so far as the plaintiff's action against it was concerned, and this motion was allowed, but in view of the pleadings it was held that defendant Transportation Company was entitled to go to the jury on the question of contribution on issue to be submitted.

Thereupon the Transportation Company offered its evidence tending to show it was the duty of defendant Construction Company to provide flagmen at each end of the bridge; that the flagman on duty was inexperienced and incompetent; that as the bus approached the bridge the flagman on duty near the crane gave the bus driver the signal to proceed, and did so in such a way as to indicate the bus should proceed more rapidly to clear the traffic lane, and that the bus driver relied on the signal of the Construction Company's employee. There was other evidence in support. There was evidence *contra.*

Issues of negligence, contributory negligence and damage as between the plaintiff and the defendant Transportation Company were submitted to the jury and answered in favor of the plaintiff. The court also submitted at the same time an additional issue as to the negligence of the defendant Construction Company as alleged in the further answer of the Transportation Company, and this was answered by the jury in favor of the Construction Company.

From judgment in accordance with the verdict the defendant Transportation Company appealed.

*Jones, Reed & Griffin and John G. Dawson for plaintiff, appellee.*
*Whitaker & Jeffress for defendant Coastal Construction, Inc., appellee.*
*Douglass & McMillan and Allen, Allen & LaRoque for Seashore Transportation Company, appellant.*

DEVIN, J. The appellant Seashore Transportation Company assigns error in the ruling of the court below in allowing the motion of the defendant Construction Company for nonsuit as to plaintiff's causes of action against the Construction Company. This motion was interposed and ruled upon at the close of plaintiff's evidence. As the evidence which

had been offered by the plaintiff had failed to show actionable negligence on the part of defendant Construction Company, we think the movent was entitled to the allowance of its motion, in so far as the plaintiff was concerned, and the plaintiff did not except or appeal. We perceive no error therein of which the appellant can complain. However, in view of the appellant's pleading the court properly held open the question of the Construction Company's negligence as it might affect appellant's claim for contribution. Subsequently, appellant introduced .evidence tending to show negligence on the part of the Construction Company's flagman in that he gave an improper signal to the driver of the bus, but there was evidence *contra,* and appellant's contentions were submitted to the jury under an appropriate issue and answered against the appellant. *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 369; *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911. Since plaintiff's evidence was sufficient to support the finding of negligence on the part of the appellant, and the only relief sought by appellant against the Construction Company was for contribution or indemnity, as to which it had its day in court, the adverse determination of the fact leaves appellant no ground for complaint on that score.

The appellant assigns error in the ruling of the trial court in respect to the issues submitted and the court's failure to submit other issues tendered, but we think those submitted were sufficient to embrace all essential questions in controversy and to afford each party opportunity to present its case to the jury. *Potato Co. v. Jeanette,* 174 N.C. 236, 93 S.E. 795; *Lewis v. Hunter,* 212 N.C. 504, 193 S.E. 814.

The appellant brought forward in its assignments of error numerous exceptions noted to the judge's charge to the jury on the issues submitted. While there are some expressions used by the court which may be open to criticism, when we consider the entire charge contextually we find it free from prejudicial error. *Braddy v. Pfaff,* 210 N.C. 248, 186 S.E. 340. "The charge must be considered contextually and not disjointedly." *Milling Co. v. Highway Com.,* 190 N.C. 692 (697), 130 S.E. 724. The case seems to have been submitted to the jury fairly and in substantial accord with well settled principles of law. The burden was on the appellant not only to show error but also to show that the error complained of was material and prejudicial, and that the result was affected thereby. *Collins v. Lamb,* 215 N.C. 719, 2 S.E. 2d 863.

The statutes relative to the speed of motor vehicles on the highway confer authority upon the State Highway & Public Works Commission to declare a speed limit applicable to a particular place in the highway, which shall become effective and obligatory when appropriate signs are erected, as appears to have been done in this case. G.S. 20-141 (b); G.S. 20-141 (5) (d). It may be noted that the statutes establishing

24—231

limits to the speed of motor vehicles on the highway were amended by Chapter 1067, Session Laws 1947, which declares that speed in excess of the limits so fixed shall be "unlawful," rather than merely *prima facie evidence* that such speed was not reasonable or prudent. In view of the statutes in force at the time of the collision, the exception to the charge in this connection is untenable. *Holland v. Strader,* 216 N.C. 436, 5 S.E. 2d 311; *Conley v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S.E. 2d 740.

The evidence here was not such as to call for the application as a matter of law of the doctrine of insulating negligence (*Gas Co. v. Montgomery Ward & Co., ante,* 270, 56 S.E. 2d 689; *Warner v. Lazarus,* 229 N.C. 27, 47 S.E. 2d 496; *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808), or to require specific instructions to the jury on the question whether the negligence, if any, of the Transportation Company in respect to speed was insulated by the subsequent intervention of the active negligence of the Construction Company in giving an improper signal to the bus driver, as the conflicting views as to responsibility for the injury were submitted to the jury for determination, from the evidence, of the ultimate fact of proximate cause. As was said in *Gas Co. v. Montgomery Ward, supra,* "the doctrine of insulating negligence is after all an application of the definition of proximate cause." *Butner v. Spease, supra; Lee v. Upholstery Co.,* 227 N.C. 88, 40 S.E. 2d 688; *McIntyre v. Elevator Co.,* 230 N.C. 539, 53 S.E. 2d 528.

After an examination of the entire record, we reach the conclusion that the verdict and judgment should not be disturbed.

No error.