### D. L. TURNAGE v. R. F. McLAWHON.

(Filed 18 October, 1950.)

**1. Trial § 36—**

> The issues should embrace all material questions in controversy and afford each party opportunity to fairly and fully present his contentions of law and fact, and where the issue submitted fails to do so, judgment on the verdict will be set aside and a new trial granted.

**2. Brokers § 11—**

> Where the vendor contends upon supporting evidence that he was at all times ready and willing to execute deed, but that his wife would not join in its execution and that the purchaser would not accept deed without her joinder, and further, that plaintiff broker knew these circumstances at the time he procured the purchaser, *held* the submission of the single issue as to whether plaintiff procured a purchaser ready, able, and willing to pay the stipulated amount for the land is insufficient to afford vendor opportunity to present his contentions to the jury, and judgment on the verdict in the broker's favor must be set aside.

APPEAL by defendant from *Morris, J.,* August Term, 1950, of PITT. New trial.

This was an action to recover compensation alleged to be due plaintiff for services in procuring a purchaser for defendant's land.

A single issue was submitted to the jury and answered as follows: "Did the plaintiff secure purchasers for the real estate described in the complaint and contract, who were ready, able and willing to pay for the same the sum of $35,000 as alleged in the complaint? Answer: Yes."

Judgment was rendered on the verdict that plaintiff recover of the defendant $3,000, and defendant excepted and appealed.

*Harding & Lee for plaintiff, appellee.*
*Albion Dunn for defendant, appellant.*

DEVIN, J.   It was admitted that the defendant signed a contract empowering plaintiff to sell his farm of 242 acres for the net price of $32,000, plus $10,000 for certain personal property thereon, plaintiff to have for his services in procuring a purchaser all that should be obtained over the stated price.   The contract signed by defendant contained no warranty of title or against encumbrances.

The defendant was and is a married man living with his wife, and this fact was known to the plaintiff.   Defendant's wife did not sign the contract.   Thereafter plaintiff procured a purchaser for the land at the price of $35,000, and defendant without the joinder of his wife signed a letter to the prospective purchaser confirming the sale.   The defendant's wife refused to sign the deed, and the purchaser, in view of the wife's inchoate right of dower in the land remaining unimpaired, declined to accept the deed without her signature.

The defendant testified he stood ready, able and willing to execute deed to the land to the plaintiff or to the purchaser for the price agreed, and had so advised the plaintiff; that the plaintiff knew at the time he obtained the agreement of the purchaser to buy that defendant's wife would not sign the deed, and he also offered to show plaintiff knew that purchaser would not accept deed without her signature.

It is apparent that the single issue submitted to the jury was not determinative of the case.   It did not afford defendant opportunity to present his contentions based upon the evidence offered.   It is essential in the trial of civil action by jury that the issues submitted shall embrace all material questions in controversy, and that each party have opportunity to present fairly and fully his contentions of law and fact. *Hatcher v. Dabbs,* 133 N.C. 239, 45 S.E. 562; *Potato Co. v. Jeanette,* 174 N.C. 236, 93 S.E. 795; *Colt Co. v. Barber,* 205 N.C. 170, 86 S.E. 1036; *Lewis v. Hunter,* 212 N.C. 504, 193 S.E. 814; *Griffin v. Ins. Co.,* 225 N.C. 684, 36 S.E. 2d 225; *Whiteman v. Transportation Co.,* 231 N.C. 701, 58 S.E. 2d 752.   The issues submitted, together with the answers thereto, must be sufficient to support a judgment disposing of the whole case.   *Griffin v. Ins. Co., supra.*

There was error in entering judgment on a verdict which did not determine all the material facts, and a new trial is in order.

As there must be a trial *de novo* it is unnecessary to consider the other exceptions noted by defendant and brought forward in his assignments of error.

New trial.