JOEL THOMAS O'BRIANT v. EMMA KATHERINE O'BRIANT.

(Filed 16 December, 1953.)

**1. Trial § 36—**

The court is not required to adopt any particular form of issues except to see that those which are submitted embrace all essential questions in controversy. G.S. 1-200.

**2. Divorce and Alimony § 9½—Validity of deed of separation held presented under issues submitted and failure to submit separate issue thereon was not prejudicial.**

Plaintiff husband instituted this action for divorce on the ground that the parties had lived separate and apart for more than two years after the execution of a deed of separation. Defendant maintained that the separation agreement was procured by undue influence and set up a counterclaim for divorce *a mensa* on the ground of abandonment. *Held:* In the absence of a tender of an issue, plaintiff may not complain that the court failed to submit the question of the validity of the deed of separation under a separate issue, it appearing that the court submitted the question under the issue as to whether the separation was caused by the wrongful conduct of plaintiff, and gave full and complete instructions on the law arising upon the evidence and the respective contentions of the parties on the question and properly placed the burden upon defendant to satisfy the jury by the greater weight of the evidence that she executed the separation agreement because of undue influence.

APPEAL by plaintiff from *Burney, J.,* May Term, 1953, of WAKE. No error.

O'BRIANT v. O'BRIANT.

This was an action by plaintiff, husband, for divorce under the two years' separation statute, G.S. 50-6.

Plaintiff and defendant intermarried in 1926. Both are residents of Wake County. The plaintiff alleged that he and the defendant signed a deed of separation 24 July, 1948, and that since that date they have continuously lived separate and apart from each other.

The defendant admitted the marriage and the separation, but alleged that the separation was caused solely by the wrongful conduct of the plaintiff, and that the separation agreement was procured by the fraud and undue influence of the plaintiff.

The defendant also set up a counterclaim for divorce *a mensa,* alleging that plaintiff had been guilty of improper association with other women, had used cruel and abusive language toward her, had failed to provide adequate support, and so mistreated her as to render her condition intolerable and life burdensome.

The plaintiff in reply denied the allegations of the answer.

For their verdict the jury answered the first three issues, relative to marriage, residence and two years' separation in the affirmative. The 4th and 5th issues were answered as follows:

"4th. If so, was said separation caused by the wrongful conduct of the plaintiff, as alleged in the answer? Answer: Yes.

"5th. During the marriage of plaintiff and defendant did the plaintiff offer such indignities to the person of the defendant as to render her condition intolerable and life burdensome, as alleged in the answer? Answer: Yes."

From judgment on the verdict that plaintiff was not entitled to divorce, and decreeing alimony for the defendant the plaintiff appealed.

*Sam J. Morris, Victor S. Bryant, Jr., and Victor S. Bryant for plaintiff, appellant.*

*F. T. Dupree, Jr., for defendant, appellee.*

DEVIN, C. J. As a defense to the plaintiff's action for divorce *a vinculo* on the statutory ground of two years' separation, the defendant alleged and introduced evidence tending to show that the separation was caused by the wrongful and willful abandonment of her by the plaintiff. But having admitted that the separation was initiated by an agreement which she signed, she endeavored to avoid its effect by allegation and evidence that she was induced to sign the agreement by the undue influence of the plaintiff. *Cobb v. Cobb,* 211 N.C. 146, 189 S.E. 479; *Brown v. Brown,* 205 N.C. 64, 169 S.E. 818. The evidence on this point, *pro* and *con,* and the rival contentions based thereon were submitted to the jury for their determination under the 4th issue, and also for consideration as they

related to the 5th issue which was addressed to the defendant's counter-claim for divorce *a mensa.* The jury answered the issues in favor of the defendant, and from judgment thereon the plaintiff has appealed, assigning errors in the rulings of the trial court, chiefly in respect to the judge's instructions to the jury on these last issues.

The gravamen of the appellant's argument was that the plaintiff was placed at a disadvantage by the failure of the court to submit a separate issue as to undue influence, which was alleged to have been exercised by the plaintiff to procure the defendant's execution of the separation agreement. It was urged that this material question should have been directly presented to the jury with appropriate instructions, since the question as to the validity of the separation agreement had an important bearing on the whole controversy, a successful attack upon it being essential to the defendant's case. Plaintiff calls attention to the requirement of statute G.S. 1-200 that it was the duty of the trial judge to submit issues on all material questions arising on the pleadings, and that whether requested or not this was a primary duty resting upon the judge. *Griffin v. Ins. Co.,* 225 N.C. 684 (686), 36 S.E. 2d 225. It was contended that the court's instructions on undue influence in the connection in which they were given were prejudicial to the plaintiff.

On the other hand, the defendant points out that no such separate issue was tendered by the plaintiff, and that there was no objection or exception on this ground to the issues which were submitted by the court.

The court is not required to adopt any particular form of issues except to see that those which are submitted embrace all essential questions in controversy. *Potato Co. v. Jeanette,* 174 N.C. 236, 93 S.E. 795. The rule was stated in *Clark v. Guano Co.,* 144 N.C. 64, 56 S.E. 858, as follows: "The court below need not submit issues in any particular form. If they are framed in such a way as to present the material matters in dispute and so as to enable each of the parties to have the full benefit of his contention before the jury and a fair chance to develop his case, and if, when answered, the issues are sufficient to determine the rights of the parties and to support the judgment, the requirement of the statute is fully met." *Whiteman v. Transportation Co.,* 231 N.C. 701, 58 S.E. 2d 752; *Turnage v. McLawhon,* 232 N.C. 515, 61 S.E. 2d 336; *Caddell v. Caddell,* 236 N.C. 686, 76 S.E. 2d 923; McIntosh 545.

In the case at bar the court submitted the issue in this form:

"4. If so, was said separation caused by the wrongful conduct of the plaintiff as alleged in the answer?" Under this issue the court submitted to the jury all the evidence and the contentions of both parties in relation thereto, including the defendant's claim that the separation agreement which she signed was procured by the undue influence of the plaintiff. After instructing the jury there was no evidence of fraud the court used

O'BRIANT *v.* O'BRIANT.

this language: "The court will submit to you under this issue (4th) and under the instructions that it (I) will give you, the question as to whether or not the plaintiff exercised undue influence upon the defendant in the execution of said deed of separation."

Thereafter the court instructed the jury as to the meaning of undue influence as applied to the evidence in this case, and charged them that the burden of proof as to that, as well as to the other elements embraced in the 4th issue, was on the defendant. The jury was instructed that a valid separation agreement between husband and wife, in the absence of fraud or undue influence, "was binding on the parties, and would be a complete bar to a wife's action or cross-action for divorce from bed and board." As to the question of the validity of the separation agreement the court charged the jury as follows: "I instruct you that if the defendant Mrs. O'Briant has satisfied you from the evidence and by its greater weight that she signed or executed the separation agreement offered here in evidence, and that she did it because of undue influence, as I have defined that term to you, that such undue influence was exerted upon her by her husband, the plaintiff in this action, and that that was the sole reason for her executing and signing that agreement, then I instruct you that agreement would be null and void and she would not be bound thereby." The jury was instructed that if defendant had failed to satisfy them from the evidence, and by its greater weight of the presence in this case of all the elements of willful abandonment they should answer the 4th issue "No."

It would seem, therefore, that the questions of the separation agreement and of the defendant's attack thereon on the ground of undue influence were embraced in the instructions given the jury under the 4th issue in as ample a manner as the plaintiff could reasonably have required. It is not perceived that the jury could have failed to understand the instructions given them as shown by the record in this case. The plaintiff's complaint on this ground is insufficient to justify us in setting aside the verdict and judgment on the 4th issue or the 5th issue either which was addressed to defendant's cross action for divorce *a mensa.*

We have examined the other exceptions noted by the plaintiff and brought forward in his assignments of error and find none of sufficient merit to require another hearing. On the record we find

No error.