ONVA CATHERINE TAYLOR v. RUTH HALL CARTER AND CLARENCE McCLALLAN CARTER, JR.

No. 68SC215

(Filed 14 August 1968)

1. **Negligence § 34—— contributory negligence —— sufficiency of evidence to go to jury**

   If there is evidence from which the inference of contributory negligence may be drawn by men of ordinary reason, the issue is properly submitted to the jury.

2. **Negligence § 34—— contributory negligence —— consideration of evidence**

   In determining the sufficiency of the evidence to justify submission of an issue of contributory negligence, the evidence must be considered in the light most favorable to the defendant.

3. **Automobiles § 88——actions —— sufficient evidence of contributory negligence —— striking oncoming car**

   There is sufficient evidence to be submitted to the jury on the issue of plaintiff motorist's contributory negligence in striking the automobile of a person not a party to the action where the evidence tends to show (1) that, as plaintiff approached a parking lot adjacent to the highway on which she was traveling, she could have seen from a distance of 200 feet that defendant's unattended car was rolling backward on the lot toward plaintiff's path of travel at a speed of about five miles per hour, (2) that plaintiff and her passenger were engaged in conversation, (3) that the speed of her automobile as it approached the parking lot was 30 miles per hour, (4) that from the point where plaintiff first saw defendant's car to the point where defendant's car came to rest on the opposite side of the highway in a ditch, plaintiff had at least 125 feet in which to stop her car or bring it under control, but that (5) plaintiff swerved to the left side of the highway and struck the oncoming automobile of a third party.

**4. Automobiles § 90— instructions — sudden emergency**

The evidence in this automobile accident case *is held* amply sufficient to justify the trial court's instructions with respect to the doctrine of sudden emergency.

**5. Appeal and Error § 31— exception to the charge — misstatement of contentions**

Where the court was not informed of its error in stating the contentions of the plaintiff, an objection thereto on appeal cannot be sustained.

APPEAL by plaintiff from *Martin, S.J.* (Robert M.), March 1968 Session, BUNCOMBE Superior Court.

Plaintiff seeks to recover damages for personal injuries sustained when the car she was driving was in collision with a car operated by Lloyd Olin Baker, not a party to this action. Plaintiff alleges that defendant Ruth Hall Carter had left the automobile owned by defendant Clarence McClallan Carter, Jr., unattended in a parking lot on a grade running downward and toward U. S. Highway No. 25, having failed to put the car in gear and having failed to engage the emergency brake. She further alleges that the car rolled out of the parking lot into the path of her northbound car; that she swerved to the left to avoid it and collided with a car approaching in the southbound lane of traffic. The answer denies negligence on the part of the defendant and pleads contributory negligence by the plaintiff in that she failed to keep her car under control, was driving at an unreasonable speed under the circumstances, failed to keep a proper lookout, and suddenly turned left onto the wrong side of the road, such movement not being responsive to any act of defendants. The matter was submitted to the jury on issues of defendants' negligence, plaintiff's contributory negligence (over objection of plaintiff), and damages. The jury answered both the issue of negligence and the issue of contributory negligence in the affirmative. From the judgment of the court denying recovery, in accordance with the jury verdict, plaintiff appeals.

*Williams, Williams and Morris by James N. Golding for plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes and Hyde by Roy W. Davis, Jr., for defendant appellees.*

MORRIS, J.

Plaintiff assigns as error the submission to the jury of the issue of contributory negligence, the charge of the court with respect to sudden emergency, and portions of the charge stating plaintiff's con-

tentions. Error is also assigned to the failure of the court to sustain various objections of plaintiff to the evidence.

[1]    On the question of contributory negligence, if there is evidence from which the inference of contributory negligence may be drawn by men of ordinary reason, the issue is properly submitted to the jury. *Jones v. Holt,* 268 N.C. 381, 150 S.E. 2d 759.

The plaintiff offered evidence tending to show: The collision occurred approximately a quarter of a mile south of N. C. 280 on U. S. 25. U. S. 25 is the main road between Hendersonville and Asheville, was a two-lane road at that time, and 21 feet wide. The accident occurred almost directly in front of the Skyline Drug Store which is on the right hand side of the road to northbound traffic. There is a paved parking lot between the highway and the drug store extending approximately 25 feet to either side of the building and approximately 50 to 75 feet in front of the building. There are two entrances to the parking lot. After the collision, plaintiff's car was sitting in the southbound lane headed south and Mr. Baker's car was behind it sitting at a right angle to a ditch also headed south. There was a median or divider between the entrances to the parking lot and also between the highway and the parking lot. When the patrolman arrived, there were two solid black lines originating in the northbound lane and proceeding over into the southbound lane approximately 60 feet in length and stopped about 8 feet from the debris (broken glass and dirt) on the highway. Other marks approximately 39 feet long were located in the northbound lane north of the Taylor and Baker cars. The parking lot is fairly level with only a slight incline, if any. There is a drainage ditch approximately two or three feet from the edge of the pavement of the highway, which ditch, a foot or two deep, runs along the eastern side of the highway across the divider. There was a normal width shoulder, then the drop to the ditch itself, then the bank was inclined on up to the parking lot. Mrs. Carter stated to the patrolman that she got out of her car, went into the drug store and that she looked out and her car had rolled in the ditch. Traveling north, the road comes around a curve and leads up on a straight stretch of road. The accident occurred on the straight stretch. There is a railroad trestle or bridge over the road just as you come out of the curve. There was a hog wire fence with vines and whatnot on it slightly to the south of the driveway. The fence is six or eight feet from the edge of the highway and close to 50 feet from the southern edge of the southern entrance to the parking lot (or 60 or 70 feet from parking lot according to Mrs. Rice). From the trestle you can see approximately an eighth of a

mile. The Carter car was in the parking lot when the patrolman arrived. There was a telephone pole in the grassy median in the area of the north entrance to the parking lot and from the trestle to the telephone pole would be at least 200 feet. Plaintiff and Mrs. Rice, a passenger, had started home from their work near Arden when the accident occurred. Plaintiff was driving and Mrs. Rice was seated on the right hand side. There were no cars ahead of her but some behind her. When Mrs. Rice first saw the defendants' car it was between the grassy area and the road moving on an angle south coming toward the road with no one in it. Mrs. Taylor's car was at the fence at that time — the front bumper about even with the fence. She put her hands over her eyes and saw nothing else until after the collision. Mrs. Carter told Mrs. Rice she forgot to put on her emergency brake. Mrs. Rice felt the Taylor car swerve to the left and strike another car. Mrs. Taylor applied brakes just as her car crossed the fence line. Her car traveled 60 feet from the time Mrs. Rice covered her eyes to the collision. If Mrs. Rice had been looking she could have observed the road ahead all the way to the top of the hill from the trestle, but she hadn't been looking at the road because she was talking to plaintiff. The plaintiff was traveling at about 25 to 30 miles per hour as she came around the curve toward the trestle and about 30 as she approached the parking lot. You can't see the parking lot until you get to the fence because it has honeysuckle vines on it. It was too late when she saw the car coming down, she applied her brakes, or locked her tires, and that was all she could do. The car was almost down to the grassy divider between the highway and the parking lot when she first saw it, going about 5 miles per hour coming toward her at an angle. It came on in the ditch and on into the road. Not quite half the car came into her lane of traffic. When she saw the car, she was about 75 feet away. After she turned her steering wheel to the left, she doesn't know what happened. When she cut her steering wheel to the left, the Carter car was about 20 feet ahead in the road. The car she was operating was in good condition — brakes and steering mechanism working satisfactorily. The collision occurred about 60 feet beyond the fence line "I would say it was 75 feet, the distance from when I saw the car and up to the point where I hit the Baker car". She doesn't remember what occurred from a split second shortly before the two cars bumped together. When she hit the Baker car, she was almost stopped. Her car was over the yellow line about a foot in the other lane. The fence blocks your vision. As she and Mrs. Rice came under the trestle, they were talking to one another. The conversation stopped when they got to the fence. Plaintiff looked up and saw the Ford car for the first

time. Mr. Myers was driving behind the plaintiff and first saw the Ford car when he was coming around the curve through the trestle. The car was rolling backward toward the highway. He saw the car roll into the ditch and the rear end jutted into the highway. He did not believe there was room for Mrs. Taylor to get through. Mrs. Taylor applied her brakes and her car swerved — seemed to lurch — into the oncoming lane. The car entered the ditch just south of the utility pole. He was four, five, or six car lengths behind Mrs. Taylor. When he first saw the car it was in the parking lot.

Defendants' evidence tended to show: *Femme* defendant, with her 10 year old daughter, parked the 1960 Ford in front of the drug store, put it in first gear and turned off the motor. She didn't engage the emergency brake. When she had been in the drug store two or three minutes, she heard brakes screeching, ran to the front window and saw her car in the ditch and two other cars on the road. When she got out to the scene, she observed that the rear wheels of her car were in the ditch. It was possible to walk between the pavement and her car. The debris in the road was to the south of her car about 50 feet. The fence post is about ten feet from the south entrance of the parking area and is covered with honeysuckle. It is 110 feet paced off from the trestle to the fence line. From the center of the ditch to the edge of the pavement is six feet. From the center of the rear wheel to the extreme edge of the bumper of the Ford is five feet. Mr. Joe Shepherd came up immediately after the accident driving an F7 oil truck tanker. The cars had not been moved. Neither he nor the cars in front of him had any difficulty passing the Ford car. The two rear wheels of the car were in the ditch suspended in the air. The back bumper was sitting on the shoulder of the road. No part of the framework was on the highway.

[2, 3]    In determining the sufficiency of the evidence to justify the submission of an issue of contributory negligence, we must consider the evidence in the light most favorable to the defendants. *Jones v. Holt, supra.* In so doing, the evidence shows that plaintiff could have seen the parking lot and the Ford car of defendants rolling backward toward the highway at a speed of about 5 miles per hour as she passed under the trestle some 200 feet away; that she and her passenger were engaged in conversation which terminated as she was opposite the fence at which time she looked up and saw the car; that even then she was 75 feet from the point of collision which occurred 50 to 60 feet south of the point at which defendants' car stopped in the ditch, which meant that plaintiff had at least 125 feet within which to stop her car or bring it under control.

The evidence would certainly allow, though not compel, a finding of contributory negligence. The issue was properly submitted to the jury. This assignment of error is overruled.

[4, 5]    Plaintiff also contends that the court erred in its instructions with respect to the doctrine of sudden emergency. The portion of the charge which plaintiff argues is error is as follows:

> "In *(sic)* instruct you, Members of the Jury, that if you find by the greater weight of the evidence, the burden being upon the defendants to so satisfy you, that the plaintiff Taylor could have seen the defendants' moving car when the plaintiff was coming under the trestle some 200 feet from the point of impact if she had been keeping a proper and reasonable lookout then the plaintiff would not be entitled to the benefits of the sudden emergency doctrine.

> (B)ut if you find that the plaintiff, not being negligent herself, was confronted with a sudden emergency by the defendants' car suddenly appearing before her approaching her in her lane of travel and that she was required to act immediately to avoid that car and that the plaintiff acted as a reasonably prudent person under the same or similar circumstances would have acted, it would be your duty to answer the second issue No."

Plaintiff contends this portion of the charge is not in accord with the evidence and incorrectly states plaintiff's contentions. Any error of the court in stating plaintiff's contentions was not called to the court's attention, and objection thereto at this stage cannot be sustained. *Rudd v. Stewart,* 255 N.C. 90, 120 S.E. 2d 601. The evidence amply justifies the charge.

Plaintiff further assigns other portions of the charge as prejudicial error for that the court incorrectly stated plaintiff's contention. For reasons already stated, this assignment of error is overruled.

We find no prejudicial error in the admission of Mr. Carter's testimony as to the condition of the ditch bank the day following the accident.

Other assignments of error not brought forward and argued in plaintiff's brief are deemed abandoned.

In the trial of this case, we find

No error.

CAMPBELL and BRITT, JJ., concur.