THE AMERICAN MUTUAL FIRE INSURANCE COMPANY, THE NORFOLK AND DEDHAM INSURANCE COMPANY, AND THE PENNSYLVANIA MUTUAL FIRE INSURANCE COMPANY v. THE COCA-COLA BOTTLING COMPANY OF HIGH POINT

No. 7218SC10

(Filed 23 February 1972)

Insurance § 135— fire insurance — insurer's action against tortfeasor — contributory negligence of insured

In an action brought by fire insurers to recover the amount of a claim paid to insured for damages from a fire which allegedly started because of defective wiring in a Coca-Cola fountain dispensing machine owned by defendant and located in insured's store, the evidence was sufficient for submission to the jury of an issue as to the insured's contributory negligence where it tended to show that after the machine was installed in the store, the insured moved it to a new location, placed a half-screen over the dispensing unit, and placed a screen in front of the mechanical part of the unit, that insured never cleaned the unit

or the area behind it, and that insured kept highly inflammable styrofoam cups and wax cups above the machine, which cups were destroyed or in a melted condition when firemen arrived on the scene.

APPEAL by plaintiffs from *Kivett, Judge,* 29 March 1971 Session of GUILFORD Superior Court.

Plaintiffs, three insurance companies, brought this action as subrogees after paying a fire insurance claim to their insured, Bill Cain, trading as The Men's Den, a clothing store in High Point. Plaintiffs allege: The fire occurred as a result of an electric cord to a Coca-Cola fountain dispensing machine short-circuited due to defective insulation. The machine was owned by defendant at the time of the fire. The agents of defendant had exclusive control of the machine in regard to refilling, repairing, servicing and maintaining the machine. The negligence of defendant occurred in installing and maintaining the machine with defective wiring which caused the machine to be inherently dangerous.

Defendant denies any negligence as to installing and maintaining a machine with defective wiring. As an affirmative defense defendant alleges contributory negligence of the management of The Men's Den.

The case was submitted to the jury who returned a verdict finding that plaintiffs' insured was damaged as a result of the negligence of defendant, but also finding that plaintiffs' insured by his own negligence contributed to his damage. Plaintiffs appeal from the judgment entered on the verdict.

*Bencini, Wyatt, Early & Harris by A. Doyle Early, Jr., for plaintiff appellants.*

*Sapp and Sapp by Armistead W. Sapp, Jr., for defendant appellee.*

BRITT, Judge.

Plaintiffs first assign as error the submission of the issue of contributory negligence to the jury, having moved for a directed verdict at the close of the evidence which was denied. They allege there was insufficient evidence to justify a submission of such issue. We do not agree with this contention. The record indicates that the management and personnel of The

Men's Den exercised such control and dominion over the machine as to raise the issue of contributory negligence in the minds of men of ordinary reason. After the machine was placed in the store by defendant, during a renovation of the store the insured moved the machine to a new location in the store; insured had a barrel cut in half and placed a half-barrel over the fountain dispensing unit to give the effect of the drink coming out of the barrel; insured had a screen placed in front of the mechanical part of the unit to conceal the unsightly parts of the unit; neither the unit nor the area behind it was ever cleaned; insured caused the compressor to be placed under a shelf attached to the wall with merchandise above the unit and insured caused highly inflammable styrofoam cups and wax cups to be kept above the machine, which cups were destroyed or in a melted condition when firemen arrived on the scene after the fire. All of these facts when taken in the light most favorable to defendant permit the inference of contributory negligence. When this inference may be drawn by men of ordinary reason the issue is properly submitted to the jury. *Taylor v. Carter,* 2 N.C. App. 78, 162 S.E. 2d 607 (1968).

Plaintiffs' second assignment of error is that if an issue of contributory negligence were properly submitted to the jury, then the charge of the court in regard to that issue was erroneous and prejudicial. We find no merit in this contention. Upon a careful review of the jury charge, we find it to be free from prejudicial error.

No error.

Judges CAMPBELL and GRAHAM concur.